# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

**ROBERT GEORGE WALCHLI,**

    **Plaintiff,**

    v.                            Civil Action No. 5:17-cv-1165

**NANCY A. BERRYHILL,**

    **Acting Commissioner of Social Security,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act. By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendations for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before this Court are Plaintiff's Brief in Support of Complaint and Motion for Remand (ECF No. 12) and Defendant's Brief in Support of Defendant's Decision (ECF No. 13).

## Background

Claimant, Robert George Walchli, filed an application for DIB on May 10, 2013. Claimant filed an application for SSI on June 18, 2013. In both applications, Claimant alleged disability beginning January 1, 2008. The DIB claim was denied initially on May 21, 2013. The SSI application was accelerated to the reconsideration level. Upon reconsideration both claims were denied on October 23, 2013. On December 3, 2013, Claimant filed a written request for a hearing

before an Administrative Law Judge (ALJ).  On January 27, 2015, Claimant appeared for a hearing in Mt. Hope, West Virginia.  An ALJ presided over the video hearing from Roanoke, Virginia.  Subsequently, Claimant requested a supplemental hearing to address the period of time prior to May 31, 2013, which is the earliest date of documented treatment in this case.  The ALJ granted the request and held a supplemental video hearing on July 27, 2015.[1]  On August 4, 2015, the ALJ issued a "partially favorable" decision[2] finding Claimant disabled beginning May 31, 2013.  Claimant requested a review of the ALJ's decision by the Appeals Council (AC).  The AC denied the request for review on December 5, 2016.  Subsequently, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

## Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.  *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. §§ 404.1520 and 416.920   (2017).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  *Id.* §§ 404.1520(a) and 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  *Id.* §§ 404.1520(b) and 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.* §§ 404.1520(c) and 416.920(c).  If a severe

---

[1] Claimant appeared in Mt. Hope, West Virginia, and the ALJ presided over the supplemental video hearing from Roanoke, Virginia.
[2] Claimant's SSI claim was granted to the extent that he was found disabled beginning May 31, 2013.  Claimant's DIB claim was denied to the extent that he was not found disabled prior to May 31, 2013.

impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* §§ 404.1520(d) and 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(e) and 416.920(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f) and 416.920(f) (2017). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

      In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity during the period of time from his alleged onset date of January 1, 2008, through his date last insured (DLI) of December 31, 2012 (Tr. at 16). The ALJ stated "Prior to May 31, 2013, the date the claimant became disabled, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." The ALJ held that Claimant was not disabled prior to May 31, 2013, but became disabled on that date and has continued to be disabled through the date of this decision. The ALJ stated that Claimant was not under a disability at any time through December 31, 2012, the date last insured. (*Id.*) Under the second inquiry, the ALJ found that beginning on May 31, 2013, Claimant suffers from the severe impairments of osteoarthritis, degenerative disc disease of the

lumbar, thoracic and cervical spine (Tr. at 17).  At the third inquiry, the ALJ concluded that since May 31, 2013, Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (*Id.*)  The ALJ then found that since May 31, 2013, Claimant had a residual functional capacity to perform light work[3] (Tr. at 18). Even so, the ALJ held that since May 31, 2013, Claimant has been unable to perform any past relevant work (Tr. at 22).  The ALJ held that Claimant does not have work skills from previous jobs that are transferrable to light or sedentary work occupations that Claimant has performed in the past.  (*Id.*)

The ALJ stated:

> Considering the record as a whole, including the testimony of the claimant, the undersigned finds that the claimant's allegations regarding his symptoms and limitations are generally credible as of May 31, 2013… Since that date, descriptions of symptoms and limitations that the claimant has proved throughout the record have been consistent and persuasive (ECF No. 21).

The ALJ held that "Since May 31, 2013, considering the claimant's age, education, work experience and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform" (Tr. at 23).

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

---

[3] The ALJ held that Claimant can frequently climb ramps or stairs, balance, stoop, kneel, or crouch, can only occasionally crawl or climb ladders, ropes or scaffolds, and should avoid concentrated exposure to extreme cold and excessive vibrations (Tr. at 18).

4

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

## Claimant's Background

Claimant was born on October 3, 1957. He was 57 years of age at the time of the supplemental hearing on July 27, 2015. Claimant has a high school education.

## The Medical Record

The parties do not dispute the fact that the record does not contain medical evidence prior to May 31, 2013. Although, the medical record refers to an MRI of Claimant's lumbar spine that was performed on May 12, 2013 (Tr. at 248). The medical evidence dated May 31, 2013, includes Claimant's new patient form presenting at the Northern Greenbrier Health Clinic in Williamsburg, West Virginia, with complaints of chronic back pain (Tr. at 257-264). Claimant self reported that he injured his back "15 years ago" and injured his back again in February 2013 when he slipped on ice (Tr. at 258)

On February 9, 2015, Regina Gum, PA-C wrote a letter for the purpose of this claim (Tr. at 398). The letter states that Claimant has suffered from back pain for "fifteen years." (*Id.*) Ms. Gum stated:

> MRI's of his neck dated 6/2013 showed disc bulging C2 through C6 with degenerative disc disease. MRI's (sic) of his thoracic spine

5

> demonstrated advanced degenerative disc disease, dated 6/2013 with similar results again 5/2014. There was herniated disc with nerve root compression at L5 and degenerative disc disease on his MRI dated 6/2013 and 5/2014. Mr. Walchli showed visible signs of severe pain at this first presentation. With diaphoresis and position changes every 30 to 60 seconds. This continues to the present time in spite of his current pain management program.
>
> In conclusion, his MRI studies of 6/2013 showed evidence of ongoing progressive degeneration of his spine, which predated his first presentation to my office. The amount of degeneration appeared more consistent with his reporting of back injury dating back to ten to fifteen years before he first sought treatment. I personally feel that Mr. Walchli is unable to do any meaningful work and that his injury is irreversible and permanent. (*Id.*)

On July 27, 2015, William Browning, Jr., DO, Northern Greenbrier Health Clinic, Inc., wrote a letter stating:

> After reviewing the MRI of the Lumbar spine on June 12, 2013, it is my professional medical opinion that Mr. Walchli's back problems were present before December 31, 2012. (Tr. at 400).

Claimant's Testimony

At the hearing, Claimant's counsel stated that Claimant didn't seek treatment for his back pain earlier because he couldn't afford it (Tr. at 44). A charitable organization paid for the MRI of Claimant's back on May 12, 2013. (*Id.*) Claimant testified that he didn't have insurance (Tr. at 52). Claimant testified that he has been suffering from severe back pain for a number of years and that he takes morphine tablets prescribed to him for the pain (Tr. at 48, 51).

Claimant's Challenges to the Commissioner's Decision

Claimant argues that the ALJ failed to properly consider evidence when it was warranted (ECF No. 12). Claimant asserts that his disability occurred prior to the expiration of his insured status, therefore, his onset date should be prior to December 31, 2012. Defendant asserts that May

31, 2013, is the earliest date that any medical evidence exists to corroborate Claimant's impairments (ECF No. 13). Defendant avers that substantial evidence supports the ALJ's decision to deny Claimant's DIB application due to the lack of medical evidence in the record to support finding Claimant's impairments to be severe enough to equal or medically equal the criteria for a Listing before Claimant's date last insured.

Discussion

The ALJ found that Claimant was disabled beginning May 31, 2013. Claimant argues that the Court should infer an earlier onset date that would be prior to Claimant's DLI, December 31, 2012 (ECF No. 12). The difference in time between these dates is approximately five months.

Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI. *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987). The Fourth Circuit has held that an ALJ erred by failing to give retrospective consideration to medical evidence created after the claimant's DLI. *Bird v. Commissioner of Social Security Administration*, 699 F.3d 377, 340-41 (4th Cir. 2012). In *Bird*, the claimant did "not have any medical records dating before his DLI." *Id. at* 339. The Fourth Circuit held that:

> In *Moore*,[4] we recognized that evidence created after a claimant's DLI, which permits an inference of linkage between the claimant's post-DLI state of health and her pre-DLI condition, could be the "most cogent proof" of a claimant's pre-DLI disability. *Id.* Accordingly, under our decisions in *Moore* and *Johnson*,[5] retrospective consideration of evidence is appropriate when "the record is not so persuasive as to rule out any linkage" of the final condition of the claimant with his earlier symptoms. *Id.*

---

[4] *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir. 1969).
[5] *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).

Therefore, although Claimant must establish the presence of a disability prior to the last date insured, medical evidence produced after the date last insured is admissible if said evidence "permits an inference of linkage with the claimant's pre-date last insured condition." *Bird*, 699 F.3d at 341. The Fourth Circuit in *Bird*, found that the Defendant is to consider the medical evidence post the DLI as long as "that evidence permits an inference of linkage with the claimant's pre-DLI condition" and the failure to do so constitutes "an error of law." *Id.*

Given the absence of pre-DLI evidence and the probative value of post-DLI evidence, the circumstances in *Bird* were one of the cases where "it may be possible, based on the medical evidence [,] to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination." *Id.* at 344. In cases such as *Bird*, where there is an "ambiguous record," ALJs cannot make "negative inferences" regarding the date of onset, but must appoint a medical advisor, pursuant to SSR 83-20, to determine the date of onset. *Id.* at 345.

### Medical Advisor

As a general matter, SSR 83-20 sets forth guidelines for determining the onset date of disability. It directs that the judgment regarding the onset date of disability "must have a legitimate medical basis" and that the ALJ "should call on the services of a medical advisor when onset must be inferred." SSR No. 83-20 provides that:

> In addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability. In many claims, the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits . . .
> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly

> difficult, when for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.
>
> . . .
>
> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

Pursuant to SSR 83-20, medical advisors are the prescribed mechanism for reaching the required evidentiary threshold. A medical advisor should be consulted "in all but the most plain cases" prior to inferring an onset date. *Bird*, 699 F.3d at 345 (quoting *Bailey v. Chater*, 68 F.3d 79, 79-80 (4th Cir. 1995)). The Fourth Circuit cited the Tenth Circuit in cautioning that "when an claimant has established a current disability, '[a]n ALJ may not make negative inferences [concerning the date of onset] from an ambiguous record; rather [the ALJ] must call a medical advisor pursuant to SSR 83-20." *Id.* (quoting *Blea v. Barnhardt*, 466 F.3d 903, 913 (10th Cir. 2006)).

In the present case, the ALJ granted Claimant's application for SSI because Claimant provided medical evidence demonstrating the existence of severe impairments beginning May 31, 2013. Whether the onset of Claimant's disability was before his DLI determines if Claimant's application for DIB should be granted. Dr. Browning opined that Claimant's back problems were present before December 31, 2012, thus, permitting an inference of linkage with Claimant's condition prior to his DLI. Additionally, in February 2015, Physician's Assistant, Ms. Gum,

9

reported that Claimant has suffered from back pain for 15 years and that the degeneration of Claimant's spine has been progressive and ongoing.

The record is ambiguous as to medical treatment prior to May 31, 2013. Claimant did not seek treatment prior to that because he could not afford it. In the absence of clear evidence documenting the progression of Claimant's back impairment, the ALJ did not have the discretion to forgo consultation with a medical advisor. The Court in *Bird* stated "The requirement that, in all but the most plain cases, a medical advisor be consulted prior to inferring an onset date is merely a variation on the most pervasive theme in administrative law-that substantial evidence support an agency's decisions." See *Pleasant Valley Hosp., Inc. v. Shalala*, 32 F.3d 67, 70 (4th Cir.1994) ("The Secretary's [now Commissioner's] decision should be affirmed where supported by substantial evidence and not arbitrary, capricious, or otherwise contrary to law.") (internal quotation marks, ellipses, and citation omitted). Subsequently, the undersigned respectfully recommends that the presiding District Judge find that the ALJ's decision is not supported by substantial evidence.

## Conclusion

For the reasons appearing to the Court, it is hereby respectfully **RECOMMENDED** that the District Judge **GRANT** Plaintiff's Brief in Support of Complaint and Motion for Remand (ECF No. 12), **REVERSE** the final decision of the ALJ and **REMAND** this case for further proceedings pursuant to sentence four of § U.S.C. § 405(g), **ORDER** the ALJ to use a medical advisor pursuant to SSR 83-20 and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of

Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: February 2, 2018

Dwane L. Tinsley
United States Magistrate Judge