# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

ROBERT GEORGE WALCHI,

                Plaintiff,

v.                                                          CIVIL ACTION NO. 5:17-cv-01165

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

## MEMORANDUM OPINION AND ORDER

This is an action seeking review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying the Plaintiff's application for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act. By *Standing Order* (Document 4) entered on February 6, 2016, this matter was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for findings of fact and recommendations for disposition. On February 2, 2018, Judge Tinsley submitted his *Proposed Findings and Recommendations* (PF&R) (Document 14), recommending that the Court grant the Plaintiff's brief in support of complaint and motion for remand, reverse the final decision of the Administrative Law Judge (ALJ) and remand this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), order the ALJ to use a medical advisor pursuant to SSR 83-20 and dismiss this matter from the Court's docket.

The Court has reviewed the *Defendant's Objections to the Proposed Findings and Recommendation of the United States Magistrate Judge* (Document 15) and the *Plaintiff's Response to the Defendant's Objections to the Proposed Findings and Recommendations of the United States Magistrate Judge* (Document 16). The Court has also reviewed the original briefing, the administrative record (Document 11 and attachments), and the PF&R. For the reasons stated herein, the Court finds that the objections should be overruled.

The Claimant, Robert George Walchi, filed an application for DIB on May 10, 2013, and for SSI on June 18, 2013, asserting that his disability began on January 1, 2008. His claims were denied initially and upon reconsideration. An Administrative Law Judge (ALJ), Jeffrey J. Schueler, held a hearing on January 27, 2015, and a supplemental hearing on July 27, 2015. The ALJ issued a decision on August 4, 2015, finding that Mr. Walchi was disabled beginning May 31, 2013. Mr. Walchi requested review as to the finding that he was not disabled prior to May 31, 2013, and the Appeals Council denied review. Mr. Walchi filed this suit to seek review of the finding regarding the onset date of his disability and the resulting denial of DIB.

Mr. Walchi was born on October 3, 1957. He has a high school diploma. He worked as a farm hand in the past, but has not worked since 2008. He reported that he stopped working due to his back pain. Mr. Walchi reported that he had suffered back problems for ten or fifteen years, and reinjured his back when he slipped on ice in February, 2013. Mr. Walchi lacked health insurance and did not seek medical treatment until May 31, 2013. Based on medical records beginning in May 2013, the ALJ concluded that Mr. Walchi suffered from osteoarthritis and degenerative disc disease of the lumbar, thoracic, and cervical spine. The record includes evidence from medical providers stating that Mr. Walchi's back problems substantially pre-date

the beginning of his treatment. However, the ALJ concluded that there was not sufficient medical evidence to substantiate an earlier onset date. Because Mr. Walchi's disability insurance ended on December 31, 2012 (his date last insured, or DLI), the ALJ denied his application for DIB.

## APPLICABLE LAW

Disability under the SSA is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration utilizes a five-step sequential inquiry to determine eligibility for social security disability benefits. If a claimant is determined not to be disabled at one step, the evaluation does not proceed to the next step. *See Johnson v. Barnhart*, 434 F.3d 650, 653-54 (4th Cir. 2005)). The Fourth Circuit has summarized the five-step process as follows:

> the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). "If the first three steps do not lead to a conclusive determination, the ALJ then assesses the claimant's residual functional capacity, which is "the most" the claimant "can still do despite" physical and mental limitations that affect her ability to work." *Id.* at 635(citing 20 C.F.R. § 416.945(a)(1)). If the claimant is able to perform his or her past work, the ALJ can find the claimant not to be disabled. *Id.* If the claimant is not able to perform his or her past work, the ALJ proceeds to step five, where "the burden shifts to the

Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Id.* (citing 20 C.F.R. §§ 416.920(a)(4)(v); 416.960(c)(2); 416.1429).

## STANDARD OF REVIEW

The Federal Magistrates Act requires a district court to conduct a *de novo* review upon the record of any portion of the proposed findings and recommendations to which written objections have been made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Conversely, a district court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (holding that districts courts may adopt proposed findings and recommendations without explanation in the absence of objections). A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006). A district court's authority to choose among these options is independent of the statutory duty to afford review to those portions to which objections are addressed. *See Camby*, 718 F.2d at 199-200 ("If no objections were made, for example, it could hardly be argued that the judge must accept the [magistrate judge's] report if it contained an error of law apparent on its face."). As such, it is wholly within the district court's discretion to accept, reject, or modify a magistrate judge's proposal irrespective of any objections by the parties. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). Running parallel with district courts' discretion under the Federal Magistrates Act is

4

the responsibility to ensure the just disposition of matters referred to magistrate judges. *See Mathews v. Weber*, 423 U.S. 261, 271 (1976); *see also Raddatz*, 447 U.S. at 683.

Section 405(g) of the SSA provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197 (1938)). In making its determination, the Court must look to "the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971). When the Commissioner's decision clearly disregards the overwhelming weight of the evidence, the Court may modify or reverse the decision. *Id.*

## DISCUSSION

The Magistrate Judge set forth the Plaintiff's background and medical conditions, and the Court incorporates those findings by reference herein. The issue in this matter involves whether the ALJ improperly disregarded evidence suggesting that Mr. Walchi's disability began before his DLI. The Magistrate Judge found that the ALJ should have appointed a medical adviser to determine the date of onset. His conclusion was based on Mr. Walchi's testimony, a letter from a physician's assistant stating that the degeneration of Mr. Walchi's spine was consistent with a back injury dating back ten to fifteen years, and a letter from a doctor stating that an MRI taken on

June 12, 2013, supported a finding that Mr. Walchi's back problems were present prior to December 31, 2012.

The Commissioner argues that "[b]ecause the record is devoid of any medical evidence prior to May 31, 2013…the ALJ was not required to call a medical advisor to determine an earlier onset date of disability." (Obj. at 4.) The Commissioner asserts that Social Security regulations regarding inferred onset dates only relate to slowly progressive impairments. The Commissioner argues that the letters from medical providers do not contain sufficient support or specificity to justify an earlier onset date, and cites Mr. Walchi's testimony that his pain worsened in early 2013. The Plaintiff argues that the Magistrate Judge correctly found that the ALJ was required to use a medical advisor to determine the onset of his disability because his back problems are chronic and progressive in nature.

Social Security Ruling 83-20 provides guidance for determining the onset date in disabilities of non-traumatic origin. Ruling 83-20 states that "[t]he starting point in determining the date of onset of disability is the individual's statement as to when disability began." Soc. Sec. Ruling 83-20. Other information to be considered includes the claimant's work history and medical or other evidence. When adequate medical records are not available, the date of onset should be inferred "from the medical and other evidence that describe the history and symptomatology of the disease process." *Id.* "[T]he administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred," as when onset may have occurred "prior to the date of the first recorded medical examination." *Id.* With the consent of the claimant, the ALJ may also collect information from family, friends, and former employers regarding the claimant's condition and any explanation for the lack of medical treatment, with

6

such lay evidence to be considered to the extent it does not conflict with available medical evidence.

In a case involving Ruling 83-20 and the date of onset of disability, the Fourth Circuit held that "if the evidence of onset is ambiguous, the ALJ must procure the assistance of a medical advisor in order to render the informed judgment that the Ruling requires." *Bailey v. Chater*, 68 F.3d 75, 79 (4th Cir. 1995) (further explaining that, absent "clear evidence documenting the progression of [the Claimant's] condition, the ALJ did not have the discretion to forgo consultation with a medical advisor"). "Medical evaluations made after a claimant's insured status has expired…may be relevant to prove a disability arising before the claimant's DLI." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). In particular, when post-DLI medical evidence "permits an inference of linkage with the claimant's pre-DLI condition," such evidence should be considered. *Id*. at 341. "[R]etrospective consideration of medical evidence is especially appropriate when corroborated by lay evidence." *Id*. at 342. The Fourth Circuit also approvingly cited a Tenth Circuit case holding that "an ALJ may not make negative inferences concerning the date of onset from an ambiguous record; rather the ALJ must call a medical advisor." *Id.* at 345 (quoting *Blea v. Barnhart*, 466 F.3d 903, 913 (10th Cir. 2006)).

The ALJ in the instant case concluded "that the claimant was not disabled prior to May 31, 2013, but became disabled on that date." (Tr. at 14.) He emphasized that "[p]rior to May 31, 2013, the date the claimant became disabled, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment," and so "the claimant's applications must be denied at step 2 prior to May 31, 2013. (*Id.* at 16.) The ALJ noted that Mr. Walchi argued that his treating physician submitted a letter stating that the MRI showed that back

7

problems were present prior to his DLI of December 31, 2012, but gave that evidence little weight because of the lack of specificity regarding the degree of severity or the date on which Mr. Walchi ceased to be able to work. The ALJ recounts Mr. Walchi's doctor visits and diagnoses, including diagnoses of chronic and degenerative conditions. Those medical records include various statements from Mr. Walchi describing long-term problems with his back. The ALJ found Mr. Walchi's allegations "generally credible as of May 31, 2013," but did not expressly find or explain any finding of a lack of credibility in his allegations regarding his condition prior to that date. (Tr. at 21.) The ALJ further considered a letter from Mr. Walchi's treating physician's assistant, but gave little weight to her statement that his condition predated his first presentation to her office, due to the lack of explanation or support.

The Court finds that the ALJ's conclusion regarding the Claimant's onset date is not supported by substantial evidence. The Magistrate Judge's PF&R contains a thorough and well reasoned analysis and review of the record, which the Court adopts in full herein. The ALJ's conclusion rests primarily on the lack of medical evidence prior to May 31, 2013. However, the Ruling 83-20 requires retrospective consideration of medical evidence where the earlier records are unavailable. The ALJ disregarded the opinions of two treating providers that Mr. Walchi's condition began prior to his DLI, although those opinions were consistent with Mr. Walchi's testimony, his statements made to medical providers, and his work history.[1] Further, there is simply no support in the record for the supposition that Mr. Walchi's chronic and degenerative conditions became disabling on the exact date he sought treatment. In short, the record is

---

1 It is somewhat troubling that the ALJ specified that Mr. Walchi's testimony and allegations were credible as of May 31, 2013, essentially stating that he was accepting only evidence that supported his conclusion, rather than fairly weighing all of the evidence and information available. The ALJ did not make specific findings that any of Mr. Walchi's testimony was *not* credible or explain any such findings.

ambiguous as to the date of onset, and there is reason to infer a linkage between Mr. Walchi's current condition and his pre-DLI condition. Therefore, the ALJ was required to seek input from a medical advisor to determine the date of onset.[2] Accordingly, the Court finds that this matter must be remanded to the Commissioner for further proceedings.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Objections to the Proposed Findings and Recommendation of the United States Magistrate Judge* (Document 15) be **OVERRULED** and that the *Proposed Findings and Recommendations* (Document 14) be **ADOPTED**.

The Court further **ORDERS** that the *Plaintiff's Brief in Support of Complaint and Motion for Remand* (Document 12) be **GRANTED** and that the Commissioner's *Brief in Support of Defendant's Decision* (Document 13) be **DENIED**. Finally, the Court **ORDERS** that the final decision of the Administrative Law Judge be **REVERSED** as to the denial of DIB, that this matter be **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), including the appointment of a medical advisor pursuant to SSR 83-20, and that this matter be **DISMISSED** from the Court's docket.

---

2  The Court notes that the ALJ did not reference the possibility of appointing a medical advisor. He gave little weight to the opinions of Mr. Walchi's treating providers in large part because they did not offer a specific date that Mr. Walchi's condition became disabling, but Ruling 83-20 directs that such evidence should be provided by a medical advisor.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Dwane L. Tinsley, to counsel of record and to any unrepresented party.

ENTER: March 7, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA